# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **CHARLES SIMMONS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **Case No. 21-cv-1077 (APM)** |
| | ) |
| **TEXTRON, INC. et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Upon review of the parties' papers, the court denies without prejudice the Textron Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 8, and will grant Plaintiff a 60-day period in which to conduct limited jurisdictional discovery. *See GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) (holding that "if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified"). To survive a follow-on motion to dismiss, such discovery will have to satisfy not only the D.C. long-arm statute but establish that the exercise of personal jurisdiction is consistent with due process. Meeting the latter condition will require Plaintiff to establish, at least based on the present limited record, that the Textron Defendants "deliberately extended" their business into the District of Columbia or "systematically served" this market. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.* 141 S. Ct. 1017, 1027, 1028 (2021). "Isolated or sporadic transactions" will not do. *Id.* at 1028 n.4. Among the relevant factors the court will be required to consider include whether the Textron Defendants routinely sell or lease their Minute Miser vehicle (and perhaps related products) in the District of Columbia; advertise such products here;

and service such products here. *See id.* at 1028 (observing that Ford "had advertised, sold, and serviced" its cars in the relevant states "for many years").

The court will enter a separate order governing jurisdictional discovery.

Dated: January 14, 2022

Amit P. Mehta
United States District Court Judge